UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MANSOOR KHAN, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>RENA BITTER, in her official capacity, )<br>Assistant Secretary, U.S. Department of State, )<br>*et al.*, )<br>)<br>  Defendants. )<br>) | Case No. 23-cv-3046 (APM) |

### MEMORANDUM OPINION

#### I.

Plaintiff Mansoor Khan seeks to compel Defendants, who are various federal officials sued in their official capacities, to adjudicate his immediate-family visa application, which he filed in February 2022. Plaintiff claims that the length of time he has waited constitutes agency action unreasonably delayed[1] in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and constitutes a breach of contract. Defendants move to dismiss the case for, among other grounds, failure to state a claim. Defendants' motion is granted on that basis.[2]

#### II.

#### A.

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes the issuance of immigrant visas to the immediate relatives of U.S. citizens.  8 U.S.C.

---

[1] Plaintiff does not allege that the length of time he has waited constituted agency action unlawfully withheld.
[2] Defendant makes a threshold argument for dismissal, claiming the Plaintiff's unreasonable delay claim is not cognizable because the allocation of consular services is discretionary. Defs.' Mot. to Dismiss & Mem. in Supp., ECF No. 6 [hereinafter Defs.' Mot.], at 6.  The court does not address this argument, in light of its conclusion that Plaintiff fails to state a claim.

§ 1151(b)(2)(A)(i).  A U.S. citizen seeking to secure such a visa must file a Form I-130, Petition for Alien Relative, with U.S. Customs and Immigration Services ("USCIS").  *Id.* § 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1).  If USCIS approves the petition, it forwards the case to the National Visa Center ("NVC"), which is the U.S. Department of State's visa application processing center.  *Id.* § 204.2(a)(3).  The noncitizen relative must then submit additional paperwork, such as Forms DS-230 and 260 and application fees, to NVC.  *See* 22 C.F.R. § 42.67 (outlining application fees and required documentation).  After processing the required materials, NVC schedules an interview for the applicant with a consular officer at the embassy with jurisdiction over the applicant's residence.  *See id.* § 42.62.  Following the interview, the consular officer must either issue or refuse the visa.  *Id.* § 42.81(a).

### B.

Plaintiff is a citizen of Pakistan, and he is the spouse of a U.S. citizen.  Compl., ECF No. 1, ¶¶ 2, 8, 11 [hereinafter Compl.].  In February 2022, Plaintiff's wife, Humaira Ansar Khan, filed a visa application with USCIS on his behalf.  *Id*. ¶ 2.  In November 2022, USCIS forwarded Plaintiff's approved I-130 petition to the NVC.  *See id.* ¶¶ 19–20.  The NVC informed Plaintiff that his case was documentarily complete in February 2023, and that his "visa application was pending to be scheduled for an interview."  *Id.* ¶ 22.  Plaintiff has yet to be scheduled for an interview.

With the fate of his application uncertain, Plaintiff states that he and his family members are "suffering from significant personal, financial, and emotional hardship due to the delay."  *Id.* ¶ 7.  According to Plaintiff's Complaint, "it pains [him] to communicate with" his daughter and wife from abroad while his family endures financial and mental health challenges.  *Id.* ¶¶ 7–8.

On October 13, 2023, approximately nine months after his application was deemed documentarily complete, Plaintiff filed the instant lawsuit, raising a claim of unreasonable delay under the APA and the Mandamus Act. *See id*. at 5–6. Plaintiff contends that Defendants have violated the APA because they have failed to carry out their adjudicative functions by not processing Plaintiff's visa application within a reasonable time. *Id.* ¶ 28. Plaintiff seeks an order from the court mandating that Defendants process his visa application within 15 calendar days of issuing judgment or as soon as reasonably possible. *Id.* ¶ 37. On November 18, 2023, Defendants moved to dismiss. Defs.' Mot.

## III.

Defendants have moved to dismiss under Rules 12(b)(1) and (b)(6). The court plainly has subject matter jurisdiction over an APA cause of action, *see Califano v. Sanders*, 430 U.S. 99, 106–07 (1977), so the only question is whether Plaintiff has stated a claim.

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). In deciding a motion under Rule 12(b)(6), the court must consider the whole complaint, accepting all factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. Courts do not, however, "assume the truth of legal conclusions . . . nor . . . accept inferences that are unsupported by the facts set out in the complaint." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (citation omitted).

3

VI.

A.

To state a claim for unreasonable delay under the APA, a plaintiff must plausibly allege that (1) "the agency failed to take a discrete action that it is required to take" and (2) "the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal quotation marks and citation omitted). Defendants contend that Plaintiff cannot satisfy either requirement. The court does not consider the first, because it dismisses the claim based on the second.

When determining whether a delay in agency action is unreasonable, the court is guided by the familiar six *TRAC* factors:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecomms. Rsch. & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984) (internal citations omitted). The D.C. Circuit recently balanced these factors in the context of an unreasonable delay claim involving the processing of EB-5 investor visa applications, *see Da Costa*, 80 F.4th at 338–39, and it held that a four-and-a-half-year wait for a visa adjudication was not unreasonable, *see id.* at 342, 346. *Da Costa* compels the same result here. Moreover, *Da Costa* also refutes Plaintiff's suggestion that his unreasonable delay claim cannot

4

be decided on a motion to dismiss, Pl.'s Opp'n, ECF No. 7 [hereinafter Pl.'s Opp'n], at 19 (ECF pagination).  *See Da Costa*, 80 F.4th at 338.

*First and Second TRAC Factors*.  "The first two factors are often considered together[.]" *Pourabdollah v. Blinken*, No. 23-cv-1603 (DLF), 2024 WL 474523, at *7 (D.D.C. Feb. 7, 2024) (citation omitted).  Defendants assert that as Congress has not established a timetable in which courts must adjudicate visa applications, courts should look to caselaw and the agency is entitled deference.  Defs.' Mot. at 15–16.  In response, Plaintiff argues that the agency has a nondiscretionary duty to adjudicate visa applications within a reasonable time and the delay must be evaluated based on a "rule of reason."  Pl.'s Opp'n at 24.  To establish a timeline, Plaintiff cites to 8 U.S.C § 1571(b), which expresses "the sense of Congress" that "immigrant benefit application[s] should be completed not later than 180 days after the initial filing," and "a November 2021 cable transmitted to all consular posts" from the State Department noting "that Congress instructed the Department to process immediate relative immigrant visa cases such as spouses and or fiancé visa applications within 30 days."  Pl.'s Opp'n at 24–25.

Defendants are correct that Congress has not supplied a timetable for the agency to adjudicate immediate-relative visa applications.  The 180-day period cited by Plaintiff is no more than an "aspirational statement" that does not establish a firm timetable.  *Da Costa*, 80 F.4th at 344 (recognizing that Congress has made an "aspirational statement" that visas should be processed within 180 days).  As to the "November 2021 cable," Plaintiff has not submitted it to the court, but he appears to be referring to the policy statement in § 237 of Public Law 106-113, Appendix G, which provides that "[i]t shall be the policy of the Department of State to process visa applications of immediate relatives of United States citizens . . . within 30 days of receipt of all necessary documents from the applicant and the Immigration and Naturalization Service."  113

5

Stat. 1501A-430, § 237(a). The problem with this citation is two-fold. First, it addresses the "process[ing]" of immediate relative visa applications, not their adjudication. *Janay v. Blinken*, No. 23-cv-03737 (RDM), 2024 WL 3432379, at *12 (D.D.C. July 16, 2024). Second, § 237(a) reflects a policy, "not a rule or command." *Id.* It therefore does not supply a congressionally mandated rule of reason against which to measure timeliness.

"Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). In this District, "courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (internal quotation marks and citation omitted). Thus, the approximately 18-month delay between February 2023, when NVC notified Plaintiff that his case was "Documentarily Qualified," Compl. ¶ 22, and the date of this opinion is, at best, neutral. *See Da Costa*, 80 F.4th at 344 (finding that the multi-year passage of time in that case "has not reached the level of disproportionately [the Circuit had] previously held sufficient to grant relief").

*Fourth TRAC Factor*. In *Da Costa*, the court concluded that the fourth *TRAC* factor—the effect of competing agency priorities—"strongly disfavor[ed]" the plaintiffs because moving their "petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the [agency's] backlog." *Id.* at 343. So too here. Granting Plaintiff the relief he seeks simply would move him "ahead of longer-pending petitions" with no overall gain in administrative processing. *Id.* at 343–44.

Plaintiff contends that Defendants fail to present evidence that granting Plaintiff relief would negatively impact "agency activities of a higher or competing priority." Pl.'s Opp'n at 21. But the relief Plaintiff seeks would do just that, as he insists that the agency put aside other

applications and finalize his within 15 business days or "as soon as reasonably possible," Compl. at 8. *See In re Barr Laboratories, Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991). This factor thus "weighs against judicial intervention to expedite [the] adjudication" he seeks. *Da Costa*, 80 F.4th at 344.

*Third and Fifth TRAC Factors.* The overlapping third and fifth *TRAC* factors consider whether "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. Plaintiff alleges that, as a result of Defendants' delay, he has been forced to live apart from his wife and daughter, experiencing a negative impact on his mental, emotional, and physical health and welfare, and that the court must consider his individual harm. Pl.'s Opp'n at 22. The court sympathizes with Plaintiff and his family for the difficulties they have faced. But such harms, "along with the uncertainty that results any time an individual must continue to wait to secure a benefit, are insufficient to tip *TRAC* factors three and five" in Plaintiff's favor. *Da Costa*, 80 F.4th at 345.

*Sixth TRAC Factor.* Finally, "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (internal quotation marks and citation omitted). Here, Plaintiff does not present evidence that the agency acted improperly. *See* Pl.'s Opp'n at 27.

*          *          *

After weighing the *TRAC* factors, the court concludes that Plaintiff has failed to state a claim that the now 18-month delay in processing his visa application is unreasonable. *See, e.g.*, *Barazandeh v. U.S. Dep't of State*, No. CV 23-1581 (BAH), 2024 WL 341166, at *10 (D.D.C. Jan. 30, 2024) (collecting similar cases).

B.

The court likewise dismisses Plaintiff's claims under the Mandamus Act and for breach of contract. The Mandamus Act claim fails because the APA provides an adequate remedy at law. *See, e.g.*, *Arabzada v. Donis*, No. 23-cv-655 (RC), 2024 WL 1175802, at *5 n.1 (D.D.C. Mar. 19, 2024); *Rai v. Biden*, 567 F. Supp. 3d 180, 200 (D.D.C. 2021). Plaintiff concedes the insufficiency of his breach of contract claim. Pl.'s Opp'n at 28.

V.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 6, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: August 20, 2024

Amit P. Mehta
United States District Court Judge